Tayxor, Chief-Justice.
 

 As the date of Orme’s endorsement is not specified, it must be understood to have been made on the same day with the note, viz. 16th April, 1812. The note became due the 16th June of the same- year, when the statute began to run and had taken away the'remedy in 1815, three years before the death of Orme. His will directs his executors to sell certain negroes, and with the proceeds to redeem his bank stock
 
 after paying his debts ;
 
 and the enquiry is, whether this debt is revived by such a direction. Í consider the law to be clear, that the debt is not thereby revived, but that the remedy is entirely gone. The utmost extent to which any of the cases have gone, has made debts payable only, when lands have been devised in trust for that purpose $ and as lands in England are not liable for simple contract debts when they are made chargeable with all debts, the executors who are directed to pay them, are made trustees for that purpose. It is there appropriating a fund for the payment of debts, which is not liable by law : but it may well be doubted whether such a doctrine, if well established by the authorities, would be applicable here, where lands are liable to the payment of all debts, after the personalty is exhausted. In this state, as well as in England, the personal estate is the
 
 *306
 
 primary anil natural fund for the payment of debts, a fund which the testator cannot exempt as against a creditor, though he may against the devisee of the land, by maj.-ng that a fund for the payment of his debts. I should not hesitate to conclude that a bequest of personal estate in trust to pay debts, would not revive a debt barred by the statute, for the reason given in 3
 
 F.
 
 Wins-90
 
 in notis ;
 
 and in this State the same result would follow in relation to a bequest and devise of personal and real estate. But the only question now to be decided, relates to a bequest of chattels, and it will therefore; be sufficient for the purposes of this case to shew, that ift all the authorities relied upom to establish the general position, the trust was created of lands.
 
 The
 
 anonymous case in 1
 
 Hayw.
 
 243, does not state what species of property was devised, and the cases it refers to in 1
 
 Salk.
 
 154, 2
 
 Vern.
 
 141, and 2
 
 P. Wins.
 
 373, are all cases of the devises of lands. In the last case from P. Williams, of
 
 Blakeway
 
 v.
 
 Ld. Strafford,
 
 the statute of limitations was pleaded to a bill, to have the benefit of a devise in trust for the payment of debts, and the plea was overruled $ but this decree was reversed in the House of Lords, who ordered the plea to stand for an answer, (3
 
 Bro. P. C.
 
 305.) There is a
 
 dictum
 
 of Lord Mansfield,
 
 (in Cowp.
 
 548) very much in favor of the doctrine contended for by the Plaintiff, but there is reason to believe that it is very far from being settled. For when the case from 2
 
 P. Williams
 
 was cited in proof of the position insisted on, the Chancellor of Ireland doubted if there was such a determination as is there reported
 
 ;
 
 and stated that a devise in trust for the payment of debts, docs not prevent the setting up the statute, if it had run before the death of the testator; for if the statute has run in the life-time of the testator, the debts are presumed to be paid, (1
 
 Scho. and Lef.
 
 110.) The case before us, however, is not a devise in trust for the payment of debts, but simply a direction to the executors,
 
 *307
 
 what they are to do with the proceeds of the surplus of glaves after the debts are paid. The will has declared in relation to the debts, what the law would have said without it, that they must be paid out of the personalty in the first place. The judgment must consequently be reversed, and a new trial granted’.
 

 Hare and Hewdersost, Judges, concurred.